UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-6 LEONARD "BO" MOORE,

    Defendant.
                                        /

Case No. 06-20465

Honorable Nancy G. Edmunds

### OPINION AND ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE [2841]

Now before the Court is Defendant-Petitioner Leonard "Bo" Moore's[1] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant argues (1) his legal counsel failed to challenge extraneous language in the indictment, failed to raise a *Rosemond* challenge, failed to seek acquittal on Count 1 (Substantive RICO), and failed to challenge duplicitous charging, (2) that his conviction on Count 9 (Assault with a Dangerous Weapon in Aid of Racketeering) is not a "crime of violence" for the purposes of his sentencing in Count 33 (Use of a Firearm in Relation to Count 9, a violation of 18 U.S.C. § 924(c)), and (3) that the Court violated *Alleyne* resentencing him in excess of the five-year mandatory minimum for his § 924(c) conviction. Because Defendant's legal counsel was neither ineffective nor did his counsel's actions prejudice him, because Defendant's "crime of violence" claim fails on the merits, and because the Sixth Circuit has

---

[1] Leonard "Bo" Moore is the son of another defendant indicted in the same underlying criminal matter, Leonard "Dad" Moore.

already expressly rejected Defendant's *Alleyne* argument, Defendant's § 2255 motion is DENIED.

**I.  Background**

Following a month-long trial, a jury convicted Moore on six counts:

- Count 1: Substantive RICO, in violation of 18 U.S.C. § 1962(c);

- Count 2: RICO Conspiracy, in violation of 18 U.S.C. § 1962(d);

- Count 9: VICAR: Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3);

- Count 15: Conspiracy to Transport Stolen Property, in violation of 18 U.S.C. §§ 2312, 371;

- Count 19: Drug Conspiracy, in violation of 21 U.S.C. §§ 841, 846;

- Count 33: Use of a Firearm During and in Relation to Count 9, in violation of 18 U.S.C. § 924(c).

(Dkt. 1676.)

This Court sentenced Defendant to 108 months on Counts 1, 2, and 9, to run concurrently; 108 months on Counts 15 and 19, to run concurrently; and 10 years on Count 33, to run consecutively.  (Dkt. 2159.)  This produced a total sentence of 228 months.

On direct appeal, the Sixth Circuit affirmed the convictions but remanded the matter for resentencing on two bases.  *United States v. Donovan*, 539 F. App'x 648, 661-62 (6th Cir. 2013).  First, the court held that, due to an error in the jury instructions and the absence of a special verdict form, Defendant should be resentenced on Count 19 (Drug Conspiracy) with a statutory maximum of 60 months.  *Id.* at 652-53. Second, the Sixth Circuit held that an intervening Supreme Court decision, *Alleyne v. United States*, 133 S.Ct. 2151 (2013), mandated resentencing on Count 33 (violation of 18 U.S.C. § 924(c)).  *Id.* at 656.

At resentencing, this Court sentenced Defendant to 108 months on Counts 1, 2, and 9, to be served concurrently; 60 months on Counts 15 and 19, to be served concurrently; and 8 years on Count 33, to be served consecutively. (Dkt. 2575.) This left Defendant with a new total sentence of 204 months. Defendant again appealed, and the Sixth Circuit affirmed. *United States v. Moore*, 634 F. App'x 483 (6th Cir. 2015).

Now Defendant moves under 28 U.S.C. § 2255, asserting six bases for relief. In Grounds One, Three, Five, and Six, he maintains that he received ineffective assistance of counsel. In Ground Two, he challenges the sentence he received for Count 33 (violation of 18 U.S.C. § 924(c)), arguing that his Count 9 conviction (Assault with a Dangerous Weapon) was not a "crime of violence" under § 924(c). In Ground Four, he claims that this Court violated *Alleyne* by resentencing him to eight years for his § 924(c) conviction, in excess of the five-year mandatory minimum.

## II. Applicable Standard

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on the motion, Defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"It is well-established that a § 2255 motion 'is not a substitute for direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could

3

have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). And "it is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

**III.    Analysis**

   **A. Ineffective Assistance of Counsel**

To succeed on an ineffective assistance of counsel claim, a § 2255 movant must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Phrased differently, a defendant must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In application, the standard is "highly deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Mallett*, 334 F.3d at 497 (quoting *Strickland*, 466 U.S. at 689).

To demonstrate prejudice, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Id.* The fundamental question is whether the proceeding was "fundamentally unfair or unreliable; a court should not focus the analysis on the outcome." *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

**1. Failure to Challenge Extraneous Language in the Indictment**

In Ground One, Defendant argues that his trial counsel was ineffective for failing to challenge extraneous language in the indictment's charged drug conspiracies. The Government acknowledges the extraneous language but responds that the extra language was not prejudicial and that Moore's trial attorney appropriately declined to challenge it because such a challenge would have been futile.

When evaluating a claim under *Strickland*, the Court may begin with the prejudice prong when it is dispositive. *See Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004) ("We do not need to address the question of competence, however: '[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. . . .that course should be followed." (quoting *Strickland*, 466 U.S. at 697)). Here the Court rejects Defendant's ineffectiveness claim because he has not demonstrated a reasonable probability that but for this decision not to challenge the extra indictment language, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The extraneous language appeared in each of the indictment's charged drug conspiracies; including in Count I Racketeering Act 10 (conspiracy to distribute steroids), Act 11 (conspiracy to distribute controlled substances), and Count 19 (conspiracy to possess with intent to distribute). All three charges state that Defendant did knowingly conspire with another "to commit offenses against the United States, that is, to [distribute

5

or posses with intent to distribute]. . .". (Second Superseding Indictment, Dkt. 997, at 15-16, 35; PgID 2561-62, 2581). The sentence in each case ends with a detailed description of the charged crime including the statute violated, the substance involved, and the quantity.

The language "commit offenses against the United States" does not appear in the drug conspiracy statute, 21 U.S.C. § 841(a) and § 846 but comes from the general conspiracy statute in 18 U.S.C. § 371. Nonetheless the language in this instance is not prejudicial because in each instance the indictment, clarified the charged conspiracy as a drug conspiracy related to a specific quantity and substance. The added language was only extraneous since each charged conspiracy clarified the elements required under 21 U.S.C. § 841(a) and § 846. Since the charges were adequately filed the Court would not have dismissed them even if Defendant's attorney had raised the issue or else would have dismissed without prejudice such that the charges would have been re-filed. Most likely the Court would have simply judicially narrowed the indictment. "A court does not err in ignoring irrelevancies in or striking surplusage from an indictment." *United States v. Grenoble*, 413 F.3d 569, 577 (6th Cir. 2005) (citing *United States v. McGuire*, 744 F.2d 1197, 1206 (6th Cir. 1984)). *See United States v. Miller*, 471 U.S. 130, 136 (1985) (the "part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored."). Given the options available to the Court, the reasonable outcome is the same, even if Defendant's attorney had elected to challenge the language.

Furthermore, the Court finds the attorney's decision not to challenge this language reasonable and does not constitute deficient performance since the challenge would have accomplished little. "Trial strategy includes the decision not to file certain motions if, after investigation, doing so would not be necessary or advantageous." *United States v. Hinds*, 2 F.App'x 420, 423 (6th Cir. 2001) (citing *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997)).

### 2. Failure to Raise a *Rosemond* Challenge

In Ground Three, Defendant argues that his counsel was ineffective for failing to raise a claim based on *Rosemond v. United States*, 134 S.Ct. 1240 (2014). The Supreme Court decided *Rosemond* on March 5, 2014 after the Sixth Circuit had already decided his first appeal, but before the Court had held Defendant's resentencing hearing. Defendant argues that since the *Rosemond* opinion came out before his resentencing, his counsel rendered ineffective assistance by failing to request an evidentiary hearing to challenge the factual basis of his Count 33 Use of a Firearm During and In Relation to a Crime of Violence conviction, pursuant to 18 U.S.C. § 924(c).

Despite Defendant's assertions, Defendant's counsel had no avenue for raising a *Rosemond* claim at Defendant's resentencing, since a *Rosemond* claim would have been a challenge to Defendant's conviction where the Sixth Circuit had remanded only for resentencing. Under 28 U.S.C. § 2106, the Sixth Circuit has broad discretion to adapt its mandate "to the particular problem discerned on appeal and to provide an efficient and sensible solution." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) (quoting *United States v. Garafano*, 61 F.3d 113, 116 (1st Cir. 1995)). On remand, as was the case here, the district court must follow the Sixth Circuit's mandate. *Id.*; *See also United States*

7

*v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003). The Sixth Circuit's mandate in Defendant's first appeal stated his convictions were affirmed. Only his sentence was reversed and remanded to the district court. Where the Sixth Circuit remands for "resentencing," that mandate does not permit a defendant to litigate a challenge to his convictions. *United States v. Hayes*, 468 F.3d 422, 425-26 (6th Cir. 2006). Here, the Sixth Circuit's mandate did not permit Defendant or his attorney to challenge the underlying conviction. Despite Defendant's claims, his counsel acted properly.

Assuming argumendo, that Defendant's attorney erred, Defendant's *Rosemond* assertion is also non-prejudicial. In *Rosemond*, the Supreme Court held "that the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime *with advance knowledge* that a confederate would use or carry a gun during the crime's commission." *Rosemond*, 134 S.Ct. at 1243 (emphasis added). Several witnesses testified that Defendant called Charles Walker, immediately before the shooting at Megdanoff's house, the basis of Defendant's Count 33 conviction, and that Defendant in advance states that the Highwaymen were going to shoot up the house. (Megdanoff's Testimony, Dkt. 2064, at 62; PgID 14320.) (See also PgID 14216.) The jury credited the testimony and evidence of the Megdanoff's shooting which is how they came to convict Defendant of Count 33.

Had Defendant's attorney been able to bring the issue of *Rosemond* up on appeal, the Court of Appeal would have been reviewed the argument for plain error. *See United States v. Cotton*, 535 U.S. 625, 629 (1997) (citing Fed. R. Crim. Proc. 52(b)). Reviewed under plain error standards, Defendant's *Rosemond* claim would have failed as well. The

8

question is whether there is a "reasonable probability" that the jury would not have inferred advance knowledge. *United States v. Olano*, 507 U.S. 725, 731-37 (1993). Since credible evidence, credited by the jury, is already on the record, that Defendant had advance knowledge a gun would be used in shooting up Megdanoff's house, Defendant cannot meet this standard.

### 3. Failure to Seek a Judgment of Acquittal on Count 1

In Ground Five, Defendant argues that his counsel was ineffective for failing to seek a judgment of acquittal on Count 1 based on the erroneous characterization of Viagra as a controlled substance in the indictment and jury instructions. (Dkt. 2871, at 12.) The Government responds that this claim fails for the same reason that a similar claim failed on direct appeal: lack of prejudice. This Court agrees with the Government.

In *United States v. Dominguez Benitez*, the Supreme Court suggested that the *Strickland* standard for prejudice is equivalent to the "affecting substantial rights" standard of plain error review. 542 U.S. 74, 81-83 (2004) (applying the *Strickland* prejudice standard during "affecting substantial rights" inquiry in plain error context); *see also United States v.* Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (stating that plain error review is "similar to *Strickland*'s prejudice inquiry"); *Swanson v. United States*, 692 F.3d 708, 717 (7th Cir. 2012) ("[W]e have suggested that the standard for plain error review and ineffective-assistance-of-counsel are comparable, and in some respects, *plain error review may be less demanding.*") (emphasis added); *Becht v. United States*, 403 F.3d 541, 549 (8th Cir. 2005) ("The standard for prejudice under *Strickland* is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error

analysis."); *United States v. Williams*, 358 F.3d 956, 966-67 (D.C. Cir. 2004) (finding that the defendant failed to establish prejudice under *Strickland* "[f]or the same reason" he failed to demonstrate prejudice under plain error review).

Here, during Defendant's first direct appeal, the Sixth Circuit concluded that the indictment and jury instructions erroneously listed Viagra as a controlled substance. *Donovan*, 539 F. App'x at 652. Nonetheless, it held that the error did not warrant reversal under plain error review because it "did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 653. Now, facing a claim that counsel was ineffective for failing to seek a judgment of acquittal based on that error, this Court finds that the Sixth Circuit's analysis, which this Court sees no reason to contradict, forecloses Defendant's argument. If the error did not seriously affect the fairness or integrity of the proceedings, this Court concludes that it also did not render the proceedings "fundamentally unfair or unreliable." *Kinnard*, 313 F.3d at 935.

Nor does a fresh review of the record compel a contrary conclusion. As the Sixth Circuit noted, "the evidence presented against [Defendant] focused primarily on marijuana and, to a lesser degree, cocaine," and "[e]vidence of these substances was plentiful." *Donovan*, 539 F. App'x at 652. Furthermore, as was the case on direct appeal, Defendant has cited "no specific instance during trial when he was linked to trafficking Viagra." *Id.* Accordingly, this Court finds that Defendant has not demonstrated "a reasonable probability that," but for counsel's failure to seek a judgment of acquittal based on the erroneous Viagra charge, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### 4. Failure to Challenge Duplicitous Charging

In Ground Six, Defendant challenges the same extraneous language, raised in Ground One but under a new legal theory. The extraneous language appeared in the indictment's charged drug conspiracies including in Count I Racketeering Act 10 (conspiracy to distribute steroids), Act 11 (conspiracy to distribute controlled substances), and Count 19 (conspiracy to possess with intent to distribute).

Here Defendant argues that trial counsel was ineffective for failing to challenge duplicitous charging, claiming that in each instance the indictment charged Defendant with two crimes. "'An indictment is duplicitous if it sets forth separate and distinct crimes in one count.'" *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007) (quoting United *States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002)). "While a duplicative indictment can prejudice a defendant in a variety of ways, the primary concern is that a defendant may be deprived of his right to a unanimous jury verdict." *Id.* "That is, a jury might return a guilty verdict on the single count submitted to them without all twelve jurors agreeing that the defendant committed either of the offenses charged within that count." *Id.*

The Court has already determined the attorney's decision not to challenge this extraneous language was reasonable and does not constitute deficient performance since the challenge would have accomplished little. The indictment was specific about the Government's charged drug conspiracies, including listing by name the drug conspiracy statute, as well as listing the elements including exact substances and quantities involved in each of the conspiracies. The indictment did include a few additional words of general conspiracy language but did not list any other statute, nor the general conspiracy elements.

11

This general language does not negate the indictment's drug conspiracy specificity nor does it convince this Court that the inclusion of the surplus language in the indictment is duplicitous.

Defendant's claim also suffers because he cannot prove prejudice. Where the indictment included the extra language, the jury instructions did not. "[E]ven where an indictment is duplicitous, 'proper jury instructions can mitigate the risk of jury confusion.' " *United States v. Cobb*, 233 F.App'x 524, 533 (6th Cir. 2007) (quoting *United States v. Lloyd*, 462 F.3d 510, 514 (6th Cir. 2006)). The jury instructions only listed the elements for drug conspiracy charges under § 841(a) and § 846 alleged in the indictment; the extraneous "commit offenses against the United States" language was not included. There was no risk of jury confusion or of a verdict which was not unanimous. The jury convicted Defendant of the elements of the drug conspiracy charges only, nothing more. If there were an error here, it was not prejudicial.

**B. Whether Assault with a Dangerous Weapon is a "Crime of Violence" for the Purposes of 18 U.S.C. § 924(c)**

In Ground Two, Defendant argues Mich. Comp. Laws § 750.82, Assault with a Dangerous Weapon, does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). This argument lacks merit because the Sixth Circuit has held that Michigan Felonious Assault is a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a). *United States v. Harris*, 853 F.3d 318, 320 (6th Cir. 2017).

A jury convicted Defendant of Count 33 for Using a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c). The predicate offense on which the §

12

924(c) count rests is Defendant's violation of Mich. Comp. Laws § 750.82, assault with a dangerous weapon in aid of racketeering. Under 18 U.S.C. § 924(c), it is a federal crime to use or carry a firearm during and in relation to a crime of violence, or to posses a firearm in furtherance of a crime of violence. The statue defines "crime of violence" as an offense that is a felony and -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause," and Subsection (B) is known as the "residual clause."

Mich. Comp. Laws § 750.82 provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intended to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault. The Sixth Circuit held that Michigan Felonious Assault is a crim of violence under the elements clause of U.S.S.G. § 4B1.2(a). *Harris*, 853 F.3d at 320. The court explained that the statute requires both attempted or threatened offensive touching *and* the use of a dangerous weapon, and that "those two elements together add up to violent force, and thus to a crime of violence." *Id.* The court emphasized that the categorical approach does not "require that *each* element of an offense involve use of

13

force; it requires that the offense *overall* include use of violent force." *Id.* at 321-22 (emphasis in original).

The same reasoning applies in this case. The U.S.S.G. § 4B1.2(a) elements clause is almost identical to the § 924(c)(3)(A) elements clause.[2] *United States v. Woods*, No. 17-20022, 2018 WL 4095037 *5 (E.D. Mich. Aug. 8, 2018) (Edmunds, J.). The Career Offender Sentencing Guidelines defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another. . . ." U.S.S.G. § 4B1.2(a). The Sixth Circuit in *United States v. Henry*, applied the same result of a categorical approach analysis of a statue under the U.S.S.G. § 4B1.2(a) elements clause to the § 924(c)(3)(A) elements clause. 722 Fed.Appx. 496, 500 (6th Cir. 2018) (concluding that unarmed bank robbery is a crime of violence under the § 924(c)(3)(A) elements clause.); *See Woods*, No. 17-20022, 2018 WL 4095037 *5 (E.D. Mich. Aug. 8, 2018) (Edmunds, J.). The Court concludes Michigan Felonious Assault is a crime of violence under the § 924(c)(3)(A) elements clause.

The Court further offers that despite the language in 18 U.S.C. § 924(c)(3)(B) residual clause being identical to the unconstitutionally vague language in 18 U.S.C. § 16(b), as determined in the Supreme Court's *Sessions v. Dimaya* decision, neither *Johnson* or *Dimaya* address the elements clause of the statute. These cases thus have no import on this case because the predicate offenses here are crimes of violence under 18 U.S.C. §

---

[2] The § 924(c)(3)(A) elements clause is slightly broader because it concerns person or property, whereas the U.S.S.G. § 4B1.2(a) elements clause concerns persons only.

14

924(c)(3)(A) elements clause. *See Woods*, No. 17-20022, 2018 WL 4095037 *3 (E.D. Mich. Aug. 8, 2018) (Edmunds, J.).

### C. The Alleged Violation of *Alleyne*

In Ground Four, Defendant argues that this Court violated *Alleyne v. United States*, 133 S. Ct. 2151 (2013) when it resentenced him on Count 33 (18 U.S.C. § 924(c)). (Dkt. 2841, at 6.) Specifically, he claims that the Court improperly relied on its own finding that Defendant had discharged a gun to exceed the 60-month mandatory minimum and add three years to his sentence. This claim is procedurally barred. In his direct appeal after resentencing, Defendant raised this exact argument, claiming that the sentence he received on Count 33 was improper under *Alleyne* because this Court relied on its own finding that he had discharged the weapon to increase his sentence beyond the mandatory minimum. *Moore*, 634 F. App'x at 487-88. The Sixth Circuit expressly rejected that argument, *id.* at 488, and this Court can identify no highly exceptional circumstances that would warrant reconsidering the issue. *See DuPont v. United States* , 76 F.3d 108, 110-11 (6th Cir. 1996). Therefore, Defendant is barred from relitigating this claim. *See Jones*, 178 F.3d at 796 ("[I]t is [] well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.").

Even if the claim were not barred, it would fail on the merits for the reasons the Sixth Circuit identified. *See Moore*, 634 F. Appx. at 488 ("It may seem anomalous that a court would be prohibited from using its own factual findings to impose a higher mandatory minimum, but permitted to use its own factual findings to increase the sentence over the

mandatory minimum," but "*Alleyne* seems to contemplate and accept the possibility."). The Court may exercise discretion and sentence Defendant above the 60-month mandatory minimum for his § 924(c) conviction where the statutory maximum is life imprisonment. *Moore*, 634 F. App'x at 487-88 (citing *Alleyne*, 133 S. Ct. at 2160).

## IV.  Certificate of Appealability

The Court may issue a Certificate of Appealability when the § 2255 movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. §2253(c)(2).

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner] or that the questions are "adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997); *See Slack v. MacDaniel*, 529 U.S. 473, 475 (2000).

The Court believes that no reasonable jurist would find that Petitioner's claims have merit, so the Court will not issue a certificate of appealability.  *See Slack*, 529 U.S. at 483-84.

## V.  Conclusion

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 motion is DENIED, and the Court DECLINES TO ISSUE a Certificate of Appealability.


SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  September 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2018, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager