UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Leonard "Bo" Moore, D-6,

    Defendant.

_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE [3101]**

Defendant Leonard Moore is currently in the custody of the Federal Bureau of Prisons ("BOP"). This matter is before the Court on Defendant's motion for a sentence reduction brought under the compassionate release provision of 18 U.S.C. § 3582(c). (ECF No. 3101.) The Government filed a response in opposition to Defendant's motion (ECF No. 3105) and Defendant filed a reply (ECF no. 3111). The Court has reviewed the record and finds that a hearing is not necessary. For the following reasons, the Court DENIES Defendant's motion.

**I.    Background**

In 2010, a jury convicted Defendant, a member of the Highwaymen Motorcycle Club, of conducting or participating in the affairs of an interstate enterprise through a pattern of racketeering activity (Count 1); conspiring to participate in the affairs of an interstate enterprise through a pattern of racketeering activity (Count 2); assault with a dangerous weapon in aid of racketeering (Count 9); conspiring to transport stolen property in interstate commerce (Count 15); conspiring to possess with intent to distribute and distribution of a controlled substance (Count 19); and using a firearm during and in

1

relation to a crime of violence (Count 33). This Court sentenced him to a total term of 228 months of imprisonment. On appeal, Defendant's sentences on Counts 19 and 33 were vacated and the case was remanded for resentencing. *United States v. Donovan*, 539 F. App'x 648, 661-62 (6th Cir. 2013). This Court resentenced Defendant to 204 months of imprisonment and the Sixth Circuit affirmed. *United States v. Moore*, 634 F. App'x 483, 485, 489 (6th Cir. 2015). Defendant began serving his prison sentence on September 21, 2011 and is currently incarcerated at Federal Correctional Institution Milan. His projected release date is March 28, 2025.

In February 2020, Defendant filed a motion for a sentence modification in which he argued he was entitled to a two-level reduction in his guidelines range of imprisonment on Count 19 as the result of Amendment 782 to the Sentencing Guidelines. (ECF No. 3005.) Defendant also argued that his post-incarceration rehabilitation efforts warranted a sentence reduction. This Court denied the motion explaining that the sentence of 204 months imposed upon remand remained the appropriate sentence given the circumstances of Defendant's offenses. (ECF No. 3012.) Defendant appealed and in May 2021, the Sixth Circuit affirmed the order denying Defendant's motion. (ECF No. 3085.)

Three months later, Defendant filed the present motion in which he argues his health conditions (cigarette smoker, obesity, areas of skin cancer, iron and hemoglobin deficiency and non-cancerous colon polyps) along with his age (51 years) make him more susceptible to COVID-19. Defendant also cites his rehabilitation and his desire to spend time with his elderly father. Further, he suggests there are sentencing disparities between him and his co-defendants. For these reasons, Defendant asks the Court to reduce his

term of imprisonment to time-served and impose a six-to-twelve-month sentence of home confinement. The government opposes Defendant's motion primarily because Defendant has been vaccinated against COVID-19 and the § 3553(a) factors do not favor release.

## II.     Legal Standard

The "compassionate release" provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons if "extraordinary and compelling reasons warrant such a reduction" and the relevant § 3553(a) factors weigh in favor of granting the requested relief. § 3582(c)(1)(A); *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). Because there are currently no policy statements applicable to defendant-filed motions, a third requirement of § 3582(c)(1)(A) was found not to apply. *Id.* An inmate may bring a compassionate release motion on his own behalf once he exhausts any administrative remedies or 30 days after requesting relief from the Bureau of Prisons. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020)).

## III.    Analysis

### A.     Exhaustion

Defendant exhausted his administrative remedies. He requested compassionate release from the warden of his facility on July 12, 2021 and filed the present motion over 30 days later on August 18, 2021. (ECF No. 3101, PageID.24456.) The government does not contest exhaustion. (ECF No. 3105, PageID.24494.) The Court therefore finds this threshold requirement to relief has been satisfied.

### B. Extraordinary and Compelling Reasons

Section 3582 does not define "extraordinary and compelling reasons." Thus, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519-20; *see United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). But "discretion" does not mean the court's power is without limit. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). For instance, an inmate's rehabilitation, standing alone, is not an extraordinary and compelling reason for a sentence reduction. *Id.* at 561 (citing 28 U.S.C. § 994(t)). Courts in this circuit are also prohibited from factoring in non-retroactive changes in the law as well as facts that existed when the defendant was sentenced. *Id.* at 562. Additionally, and most relevant here, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). This restriction applies unless the defendant can show he is "unable to receive or benefit from a vaccine." *Id.*

Defendant argues in his motion that the BOP's efforts to curtail the spread of COVID-19 have been inadequate and that the pandemic itself is an extraordinary and compelling circumstance for release. Defendant also claims that his medical conditions[1]

---

[1] Defendant's medical records show he has basal cell carcinoma, a form of skin cancer which his doctor notes "has a very high cure rate and prognosis with removal is excellent." (ECF No. 3106-2.) His other underlying health conditions include hyperlipidemia, arthropathy, synovitis and tenosynovitis, elevated blood pressure without hypertension, iron deficiency anemia, obesity, diverticulosis, and prediabetes, among other things. (ECF No. 3106-1, Page ID.24559-61.)

put him at an increased risk for severe illness from COVID-19 and alludes to the fact that he is more likely to contract the virus in the congregate prison setting.

While the government agrees that at least one of Defendant's underlying health conditions has been recognized by the CDC as a condition that can make a person more likely to experience a severe outcome from COVID-19, it maintains that because Defendant has been vaccinated, this risk has been mitigated. In accordance with *Lemons*, the Court agrees. *See Lemons*, 15 F.4th at 751 (finding that, generally, a defendant who has been offered a COVID-19 vaccine cannot present an extraordinary and compelling reason for a sentence reduction based upon his incarceration during the COVID-19 pandemic.) Defendant was offered, and indeed accepted, two doses of the COVID-19 vaccination in April and May of 2021. Moreover, a review of Defendant's medical records suggests that Defendant has no serious health concerns for which he is not receiving medical attention. Thus, the Court finds Defendant's health conditions and COVID-19 pandemic do not constitute extraordinary and compelling reasons for a sentence modification.

Defendant's other arguments also fail to meet this standard. While the Court commends Defendant for making efforts at rehabilitation, rehabilitation alone cannot be considered an extraordinary and compelling reason for a sentence modification. *Hunter*, 12 F.4th at 561 (citing 28 U.S.C. § 994(t)). Similarly, Defendant's desire to be with his elderly father is an unfortunate consequence of imprisonment, not an extraordinary or compelling reason for release.

Finally, Defendant's argument regarding the perceived sentencing disparity between he and his co-defendants fails to meet the "narrow scope" of § 3582(c)(1)(A) as

discussed by the Sixth Circuit in *Hunter*. *Hunter*, 12 F.4th at 569. There, the court noted that district courts must consider how "*the defendant's* personal circumstances [have] changed after sentencing" before finding that extraordinary and compelling reasons for a sentence modification exist. *Id.* (emphasis in the original). Even when, as here, a sentencing disparity did not exist at the time a defendant was sentenced, "subsequent leniency in another defendant's case says nothing about how [this defendant's] personal circumstances have changed since he was sentenced." *Id.* at 571-72.

In sum, under the circumstances here and in light of the recent precedential case law discussed, Defendant has not shown extraordinary and compelling reasons for a sentence modification.

### C. Section 3553(a) Factors

Given that Defendant has not presented extraordinary and compelling reasons to warrant a sentence reduction, an analysis of the § 3553(a) factors is not necessary. *See Elias*, 984 F.3d 516 at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

## IV. Conclusion

For the foregoing reasons, Defendant's emergency motion for compassionate release is DENIED.

SO ORDERED.

                                                  s/ Nancy G. Edmunds
                                                  Nancy G. Edmunds

Dated: December 7, 2021           United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 7, 2021, by electronic and/or ordinary mail.

                        s/ Lisa Bartlett
                        Case Manager